IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA KIRSCHNER-OTTE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16-1601 |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

**AND NOW**, this 25th day of October, 2016, after considering the complaint (Doc. No. 1), the answer to the complaint (Doc. No. 5), the administrative record (Doc. No. 6), the plaintiff's brief and statement of issues in support of request for review (Doc. No. 7), the defendant's response to the request for review (Doc. No. 16), the plaintiff's reply to the defendant's response (Doc. No. 19), and the report and recommendation filed by United States Magistrate Judge Jacob P. Hart on October 5, 2016 (Doc. No. 20); and no party having filed objections to the report and recommendation; accordingly, it is hereby **ORDERED** as follows:

1.  The clerk of court is **DIRECTED** to return this matter to the court's active docket;

2.  The report and recommendation (Doc. No. 20) is **APPROVED** and **ADOPTED**;[1]

---

[1] According to the display receipt attendant to the docket entry for Magistrate Judge Hart's report and recommendation, the clerk of court e-mailed a copy of the report and recommendation to counsel for the parties on October 5, 2016. Pursuant to Local Rule of Civil Procedure 5.1.2(8)(e), the parties had an additional three days beyond the 14-day period provided for the filing of objections under 28 U.S.C. § 636(b)(1) and Local Rule of Civil Procedure 72.1IV(b). Therefore, they had until October 24, 2016, to file timely objections. As of today, neither party has filed objections to the report and recommendation.

Since neither party filed objections to Judge Hart's report and recommendation, the court need not review the report before adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and

3. The plaintiff's request for review is **DENIED**;

4. The final decision of the Commissioner is **AFFIRMED**; and

5. The clerk of court is **DIRECTED** to mark this matter as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court has reviewed Judge Hart's report for plain error and has found none.